# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | |
| § | |
| vs. § | CIVIL ACTION NO.: 9:20-cv-175 |
| § | |
| CESSNA 560 CITATION JET § | |
| BEARING SERIAL NUMBER 560-0068 § | |
| AND ASSIGNED AND DISPLAYING § | |
| REGISTRATION/TAIL NUMBER § | |
| N569LM § | |

## NOTICE OF REMOVAL

Defendant Cessna 560 Citation Jet Bearing Serial Number 560-0068 and Assigned and Displaying Registration/Tail Number N569LM (the "Aircraft") files this its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice, the Defendant states as follows:

## SUMMARY

1. The State of Texas filed this action on July 9, 2020, in the 411th Judicial District Court, Polk County, Texas in Cause No. CIV33803, styled *The State of Texas vs. Cessna 560 Citation Jet Bearing Serial Number 560-0068 and Assigned and Displaying Registration/Tail Number N569LM* (the "State Court Action"). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Eastern District of Texas, Lufkin Division, the Judicial District and Division in which this action is pending.

2. The allegations in the State of Texas's Notice of Seizure and Intended Forfeiture (the "Notice") relate to the seizure of the Aircraft, which is, on information and belief, formerly located at Brownsville South Padre Island International Airport, in Brownsville, Texas, but later

transported by persons unknown to Valley International Airport, Harlingen, Texas. The State alleges, erroneously and without any credible or legitimate supporting evidence, that the Aircraft is somehow "contraband", and is therefore subject to forfeiture.

3. True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit A**. Pursuant to Local Rule CV-81, all information required for filing at the time of removal is also attached hereto and compiled within **Exhibit B.**

4. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) because this notice is being filed within thirty (30) days of service. 28 U.S.C. § 1446(b)(2).

## BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

5. This Court has original diversity jurisdiction over this civil action, pursuant to 28 U.S.C. § 1332, since the amount in controversy exceeds $75,000, exclusive of interest and costs, and this is an action between citizens of different states.

A. **There is complete diversity.**

6. Plaintiff is the State of Texas.

7. The Aircraft is owned by the Continent Aircraft Statutory Trust No. 2564 (the "**Wyoming Trust 2564**"), a Wyoming Trust, with legal title to the Airplane held by Aircraft Guaranty Corporation, a Wyoming corporation, not in its individual capacity but solely as Trustee (the "**2564 Trustee**") under the Wyoming Trust 2564.  The Airplane is registered with the FAA in the name of the 2564 Trustee. Under the Wyoming Trust 2564, Aircraft Guaranty Corporation is the grantor and Ancheta S.A. de C.V is the beneficiary. The aircraft is being leased by the trustee to Ancheta S.A. de C.V., as operator of the aircraft. This is a common – and entirely legal – ownership structure, created and administered by the Federal Aviation Administration over many decades. The Wyoming Trust 2564 and Lease Agreement have been

reviewed and approved by the FAA Aeronautical Center Central Region Counsel for purposes of registering the Airplane with the FAA as evidenced by the legal opinion dated May 18, 2016. In addition, the Wyoming Trust 2564 and Lease Agreement have been filed with the FAA Aircraft Registry and maintained of public record.

8. Respondent Roberto Miguel Gonzalez Barragan is a Mexican citizen and Mexican resident from San Pedro Garza García, State of Nuevo León, México.

9. Respondent 2564 Trustee, is a Wyoming corporation with a registered office in Jackson, Wyoming, and an administrative office in Oklahoma City, Oklahoma. Respondent Wyoming Trust 2564, is a Wyoming statutory trust with a registered office in Jackson, Wyoming, and an administrative office in Oklahoma City, Oklahoma. The State incorrectly alleges 2564 Trustee "was an entity located at 2058 FM 356 North, in Onalaska, Texas" in Polk County. When the current owner purchased the Aircraft in 2016, the 2564 Trustee was located in Oklahoma City, and had no connection whatsoever to Polk County. The 2564 Trustee maintained its administrative office in Oklahoma City, Oklahoma with only a mailing address in Polk County. When the State Court Action was filed, the address for the 2564 Trustee of record with the FAA and on the Certificate of Aircraft Registration was 928 SW 107TH ST, Oklahoma City, Oklahoma, not Polk County.

10. The State alleges no other connection to Polk County other than Aircraft Guaranty Corporation's alleged prior location in Polk County. The Aircraft has never been to Polk County. This controversy features no connection whatsoever to Polk County, and there was no connection at the time the notice was filed.

11. Respondents Aircraft Guaranty Trust, LLC; Aircraft Guaranty Holdings & Trust, LLC; and Aircraft Guaranty Management & Trust, LLC have absolutely no affiliation whatsoever with Aircraft Guaranty Corporation and are not connected with the Aircraft. A record

search with the Texas Secretary of State indicates that Aircraft Guaranty Trust, LLC, a foreign limited liability company, is terminated and inactive in Texas. This search did not yield records pertaining to neither Aircraft Guaranty Holdings & Trust, LLC or Aircraft Guaranty Management & Trust, LLC. Upon information and belief, these entities are not Texas limited liability companies, and are not located anywhere in Texas.

12. Respondent Ancheta, S.A. de C.V., is a Mexican corporation located in Monterrey, State of Nuevo León, México, and is the beneficiary of the trust.

13. Respondent Debbie Mercer a/k/a Debbie Lynn Erwin a/k/a Debbie Mercer-Erwin, is a resident of and domiciled in Oklahoma. Debbie Mercer-Erwin is owner and principal in Aircraft Guaranty Corporation.

14. Neither the Aircraft nor any of the Respondents are citizens of the state of Texas at this time, nor were they at the time this suit was filed in state court. Because there was and remains complete diversity of citizenship between all Respondents, the Aircraft and the Plaintiff at the time this action was filed and at the time of this removal, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**B.   The amount in controversy exceeds $75,000.00.**

15. The amount in controversy, *i.e.*, the value of the Aircraft, exceeds the sum or value of $75,000.00.

**BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION**

16. This action arises under and presents substantial questions of federal law under Title 49 of the United States Code § 554 (alleged Fraudulent Export), Title 13 of the United States Code § 305 (alleged Unlawful Export Activities), Title 50 of the United States Code § 4819 (alleged Export Administration Regulations), Title 18 of the United States Code § 1001(alleged Fraud), Title 26 of the United States Code § 7201 (alleged Attempt to Evade Tax),

Title 18 of the United States Code § 1957 (alleged Racketeering), Title 49 of the United States Code § 44101, and Title 49 of the United States Code § 44102. These federal questions arise directly from allegations contained within the Affidavit of Beau Price, which is attached to the State's Notice of Seizure and Intended Forfeiture. Mr. Price concludes his entirely speculative allegations in Paragraph 23 of his affidavit as follows:

- ". . . I formed the opinion that the individuals involved in this scheme violated numerous state and federal laws . . ."

- ". . . [The Aircraft] is/was being operated without a valid Certificate of Registration in violation of federal law."

- ". . . [The Aircraft] was effectively exported from the United States in violation of federal law."

As such, Plaintiff's claims in this action clearly arise under federal law as apparent from the face of the Notice.

17. Because this cause of action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal of this entire cause is therefore proper under 28 U.S.C. § 1441(c). Further, this Court has supplemental jurisdiction over Plaintiff's state law claims.

18. Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) because this district and division embrace the 411th Judicial District Court of Polk County, Texas, the forum in which the removed action was pending.

## NOTICE

19. Concurrently with the filing of this Notice, Aircraft will file a copy of this Notice of Removal with the Clerk of the 411th Judicial District Court of Polk County, Texas.

Dated: August 14, 2020

        Respectfully submitted,

        **COATS & EVANS, P.C.**

    By:   **/s/ *Gary L. Evans***
        Gary Linn Evans
        State Bar No. 00795338
        E-mail: evans@texasaviationlaw.com
        George Andrew Coats
        State Bar No. 00783846
        E-mail: coats@texasaviationlaw.com
        Post Office Box 130246
        The Woodlands, Texas 77393-0246
        (281) 367-7732 Telephone
        (281) 367-8003 Facsimile

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record. Should any counsel's email not be on file with the Clerk of Court, I certify that on August 14, 2020, counsel will be served with the foregoing via email.

Tommy L. Coleman
Assistant Criminal District Attorney
Polk Co. District Attorney's Office
101 West Mill Street, Ste. 247
Livingston, TX 77351
Email: tcoleman@polkcountyda.com
*Attorney for State of Texas*

        **/s/ *Gary L. Evans***
        Gary Linn Evans